## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

**JIMMY RANDLE**                                        **CIVIL ACTION NO. _____**

**VS.**                                                            **U.S. JUDGE _____**

**PNK, L.L.C. d/b/a L'AUBERGE**                 **MAGISTRATE _____**
**LAKE CHARLES CASINO RESORT**

### <u>NOTICE OF REMOVAL</u>

Defendant, PNK (Lake Charles), L.L.C. d/b/a L'Auberge Lake Charles Casino Resort, (hereinafter sometime referred to as "PNK"), by and through its undersigned counsel, hereby provides notice pursuant to 28 U.S.C. § 1446 of the removal of the above-captioned case from the Fourteenth Judicial District Court, Parish of Calcasieu, Louisiana to the United States District Court for the Western District of Louisiana. The grounds for removal are as follows:

1.

Plaintiff instituted this matter on January 27, 2021 in the 14th Judicial District Court for the Parish of Calcasieu, State of Louisiana; *Jimmy Randle vs. Pinnacle Entertainment, Inc. d/b/a L'Auberge Casino Lake Charles* bearing Docket No. 2021-353, Div. H. *Exhibit "A"*. This matter is a personal injury claim arising out of a slip and fall accident which occurred on the premises of L'Auberge Lake Charles Casino Resort on January 28, 2020.

2.

On March 5, 2021 undersigned counsel for PNK contacted plaintiff's counsel to advise that the named defendant, Pinnacle Entertainment, Inc. was not the correct party defendant. The same day, undersigned counsel sent an email to plaintiff's counsel providing the name of the

1

correct defendant and requesting that he amend his client's petition to substitute PNK (Lake Charles), L.L.C. d/b/a L'Auberge Lake Charles Casino Resort in place of Pinnacle Entertainment, Inc. d/b/a L'Auberge Casino Lake Charles. *Exhibit "B"*.

3.

On March 30, 2021 plaintiff filed a First Amended and Supplemental Petition for Damages substituting PNK in place of Pinnacle Entertainment, Inc. *Exhibit "C"*. No other pleadings or papers have been filed in this litigation.

## DIVERSITY OF CITIZENSHIP

4.

Plaintiff, Jimmy Randle is an individual of the full age of majority residing in the State of Louisiana.

5.

Defendant, PNK (LAKE CHARLES), L.L.C. is a Louisiana Limited Liability Company, the sole member of which is Pinnacle MLS, LLC. Pinnacle MLS, LLC is a Delaware Limited Liability Company, the sole member of which is Pinnacle Entertainment, Inc., a Delaware Corporation with its principle place of business in Pennsylvania. Pinnacle Entertainment Inc.'s parent is Penn National Gaming, Inc., a publicly traded company, incorporated in Pennsylvania, and with its principle place of business in Pennsylvania.

6.

There is complete diversity and the removing defendant is not a citizen of the State where this action was brought. See, *e.g.*, *Jackson v. Syngenta Crop Prot., LLC*, 2013 U.S. Dist. LEXIS 78015, 2-3 (M.D. La. June 4, 2013):

For purposes of diversity, the citizenship of a limited liability company is determined by considering the citizenship of all its members. The state where a limited liability company is organized and where it has its principal place of business does not determine its citizenship for the purpose of § 1332. Thus, to properly allege the citizenship of a limited liability company, the party asserting jurisdiction must identify each of the entity's members and the citizenship of each member in accordance with the requirements of § 1332(a) and (c).4

## AMOUNT IN CONTROVERSY AND TIMELINESS OF REMOVAL

7.

A plaintiff in Louisiana state court, by law, cannot specify the numerical value of claimed damages. *La. C.C.P. art. 893.* However, *Louisiana Code of Civil Procedure, Article 893(A)(l)* provides:

A. (1) No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises except that if a specific amount of damages is necessary to establish the jurisdiction of the court, *the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required*. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate. [emphasis added].

The plaintiff in the instant matter has alleged in his Petition for Damages that his damages exceed $75,000. See *Petition for Damages*, paragraph 3, attached hereto as *Exhibit "A"*.

8.

Pursuant to 28 U.S.C. § 1446, this Notice of Removal is timely as it is being filed within 30 days of the plaintiff's filing of his First Amended and Supplemental Petition for Damages naming PNK in place of Pinnacle Entertainment, Inc. as defendant herein. *Exhibit "C"*.

3

WHEREFORE, pursuant to 28 U.S.C. 1332, *et seq*, and in accordance with the provisions of *28 U.S.C. § 1446,* Notice is given that this action is removed from the Fourteenth Judicial District Court, Parish of Calcasieu, Louisiana to the United States District Court for the Western District of Louisiana.

Respectfully submitted,

PLAUCHE, SMITH & NIESET, LLC

BY:    S/ Thomas J. Solari
THOMAS J. SOLARI (LA BAR ROLL #19158)
1123 Pithon Street
Post Office Drawer 1705
Lake Charles, LA 70602
tsolari@psnlaw.com
Telephone:  337/436-0522
Facsimile: 337/436-9637
Counsel for Defendant, PNK (LAKE CHARLES), L.L.C.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 13th day of April 2021, a copy of the foregoing Notice of Removal was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to:

Brent@thlg.legal
tsolari@psnlaw.com

by operation of the court's electronic filing system.

S/ Thomas J. Solari
THOMAS J. SOLARI